**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOSHUA K. BELL, on behalf of himself and all other similarly situated persons, ) ) ) | |
| PLAINTIFF, ) | Case No: 1:23-cv-02719 |
| ) | |
| v. ) | Judge: Sharon Johnson Coleman |
| ) | |
| COLLECTION PROFESSIONALS, INC., ) ROBERT B. STEELE, and APLINGTON, ) KAUFMAN, MCCLINTOCK, STEELE & ) BARRY, LTD., ) ) | Magistrate Judge: Jeffrey Cummings |
| DEFENDANTS. ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT**

Defendants, COLLECTION PROFESSIONALS, INC., ROBERT B. STEELE, and APLINGTON, KAUFMAN, MCCLINTOCK, STEELE & BARRY, LTD., ("Defendants"), by and through their attorneys Justin M. Penn and Ruddy S. Abam of Hinshaw & Culbertson LLP, for their Answer and Affirmative Defenses to Plaintiff's Complaint and class claims, state as follows:

**VENUE AND JURISDICTION**

1.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 42 U.S.C. 1983, and 28 U.S.C. §§ 1331, 1337, and 1367, as Defendants do business in the State of Illinois and because a material portion of the events at issue occurred in this District.

**ANSWER:    Defendants admit that the Plaintiff's Complaint purports to allege violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 _et. seq_. ("FDCPA"). Defendants deny that the Plaintiff has any such claims individually or on behalf of any purported class of persons. Defendant admits that this Court could generally have jurisdiction over FDCPA and 28 U.S.C. § 1331 claims. However, Defendants further state**

that concurrent jurisdiction with a pending state court action against plaintiff may first require adjudication and conclusion in the state forum. Defendants deny all remaining allegations contained within Paragraph 1.

2. Venue in this District is proper under 28 U.S.C. § 1391(b) because Defendants' collection demands were received here, a material portion of the events at issue occurred in this District, and Defendants reside and transact business here.

**ANSWER:** Defendants deny the allegations contained within Paragraph 2.

## PARTIES

3. Plaintiff, Joshua K. Bell ("Plaintiff"), is an individual and resident of LaSalle County, Illinois, and a "consumer" as defined at 15 U.S.C. § 1692a(3) of the FDCPA.

**ANSWER:** Upon information and belief, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained within Paragraph 3.

4. At all times relevant hereto, Plaintiff resided at 2130 Market Street in Peru, Illinois.

**ANSWER:** Upon information and belief, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained within Paragraph 4.

5. Defendant, Collection Professionals, Inc., ("CP") is a bad debt buyer and/or assignee that regularly collects defaulted consumer debts by mail, telephone and via the filing of lawsuits, on behalf of itself and others, and is thus a "debt collector" as that term is understood in the FDCPA, § 1692a(6).

**ANSWER: Defendant, Collection Professionals, Inc., admits that under certain circumstances and in certain instances it attempts to collect defaulted financial obligations, and that at times it may use mails or letters, place calls, or file suit seeking payment of the owed obligations. Defendant denies any remaining allegations contained in Paragraph 5.**

6. CP's principal business purpose is the collection of defaulted consumer debt through the mails and interstate commerce, such as credit reporting, as well as via litigation, and is thus a "debt collector" as that term is understood in the FDCPA, § 1692a(6).

**ANSWER: Defendant, Collection Professionals, Inc., admits that under certain circumstances and in certain instances it attempts to collect defaulted financial obligations, and that at times it may use mails or file suit seeking payment of the owed obligations. This Defendant denies that the remaining information in this paragraph completely characterizes the nature of its business. Defendant denies any allegations in this paragraph that contain legal conclusions, and denies the remaining allegations contained within Paragraph 6, if any.**

7. CP regularly collects defaulted and/or delinquent medical debts on behalf of others.

**ANSWER: Defendant, Collection Professionals, Inc., admits that under certain circumstances and in certain instances it attempts to collect defaulted financial obligations that may be owed to others. This Defendant denies that the remaining information in this paragraph completely characterizes the nature of its business, and denies the remaining allegations contained within Paragraph 7, if any.**

8. CP collected or sought to collect over 5,000 defaulted and/or delinquent medical debts in the year 2022, on behalf of its clients.

**ANSWER:** Upon information and belief, this Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained within Paragraph 8. Furthermore, Collection Professionals, Inc., denies that the remaining information in this paragraph completely characterizes the nature of its business, and denies any remaining allegations contained within this Paragraph.

9.     CP maintains a collection agency license from the State of Illinois.

**ANSWER:** Collection Professionals, Inc., admits that it maintains a license to do business in the State of Illinois. This Defendant also admits that under certain circumstances it attempts to collect defaulted financial obligations, and denies the remaining allegations contained within Paragraph 9, if any.

10.     Robert B. Steele ("Steele") is an attorney licensed in the State of Illinois.

**ANSWER:** Robert B. Steele admits that he is an attorney duly licensed to practice law in the State of Illinois. This Defendant denies the remaining allegations contained within Paragraph 10, if any.

11.     Steele regularly collects defaulted consumer debts by mail, telephone and via filing lawsuits, on behalf of others, and is thus a "debt collector" as that term is understood in the FDCPA, § 1692a(6).

**ANSWER:** This Defendant admits that as a part of his practice, under certain circumstances and in certain instances he serves as counsel in attempts to collect defaulted financial obligations that may be owed to others. Defendant denies that the remaining information in this Paragraph completely characterizes the nature of his business, and denies any allegations in Paragraph 11 that contain legal conclusions.

4

12.     Steele regularly directs consumers from which he seeks to collect debts to write checks out to him personally, specifically to "Robert B, Steele, P.O. Box 517, LaSalle, Illinois, 61301", though he is a principal of Aplington, Kaufman, McClintock, Steele, and Barry, Ltd.

**ANSWER:   This Defendant denies that the information in this Paragraph completely characterizes the nature of his business and conduct, and denies the remaining allegations contained within Paragraph 12.**

13.     Steele regularly represents creditors and/or assignees of bad debts, such as CP, in connection with the collection of defaulted consumer debts from consumers.

**ANSWER:   This Defendant denies that the information in this Paragraph completely characterizes the nature of his business and conduct. Defendant admits that as a part of his practice, under certain circumstances and in certain instances he serves as counsel in attempts to collect defaulted financial obligations that may be owed to others. Defendant admits that he appears as counsel of record for Collection Professionals, Inc., in an underlying state court action against plaintiff, captioned *Collection Professionals, Inc., v. Joshua K. Bell*, Case No. 2022LM111.**

14.     Aplington; Kaufman, McClintock, Steele, and Barry, Ltd.("Aplington") is engaged in the business of a law firm, using the mails, courts and telephone to collect defaulted consumer debts originally owed to others.

**ANSWER:   Aplington admits that it does business in the State of Illinois as a law firm, and that in certain instances it uses mails, phone, and corresponds with various courts in an attempt to collect defaulted financial obligations that may be owed to others.**

15.     Aplington regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a debt collector as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**ANSWER:** Defendant, Aplington, admits that under certain circumstances and in certain instances it attempts to collect defaulted financial obligations that may be owed to others. This Defendant denies that the remaining information in this Paragraph completely characterizes the nature of its business, denies any allegations that contain legal conclusions, and denies the remaining allegations contained within Paragraph 15, if any.

16. In the year 2022, Aplington filed over 1000 lawsuits on behalf of CP to collect defaulted consumer debts.

**ANSWER:** Upon information and belief, this Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained within Paragraph 16.

<u>**STANDING**</u>

17. Plaintiff has Article III standing because, *inter alia*, Defendants Steele, CP and Aplington failed to provide Plaintiff with required information about the creditors to which the alleged debt is purported to be owed, the amount of the alleged debt, and his right to contest or request verification of the debt/ascertain the identity of the original creditor, placing him at a distinct disadvantage in dealing with his alleged obligations. If he had known about his rights and been provided communications that were legally mandated. by the FDCPA, he would have timely disputed and sought verification of the debts–thereby requiring CP, Steele, and Aplington to cease litigating the collection action they filed against him and obtain verification, potentially preventing the filing of said action altogether, or at least forcing Defendants to halt the spurious litigation they have maintained against Plaintiff until they provided him verification of the same. *Lavallee v. Med-1 Solutions, LLC*, 932 F.3d 1049 (7th Cir. 2019).

**ANSWER:** The allegations in this Paragraph purport to cite the FDCPA and/or case law, and allege out-of-context, incomplete, mischaracterized, and summarized legal conclusions. Defendants deny all remaining allegations contained within Paragraph 17.

18.     Plaintiff has Article III standing for the further reason that he was forced to pay money and spend substantial time to defend against a false claim by CP, in having to appear personally to defend the state action due to Defendants' false statement that he was required. to appear in-person, and inclusion of a false; non-working help-line telephone number on a summons he was served, which CP listed as a number that Plaintiff may call if he wished to appear telephonically or via video conference. Thus, due to Defendants' misrepresentation as to the telephone number as well as the misrepresentation on the summons that he was required to appear "in-person", he expended money and lost time and money in appearing personally at his initial hearing when he did not legally have to do so. Defendants' actions caused Plaintiff severe emotional distress, loss of time, and financial loss and thus a concrete injury, necessitating that Plaintiff pay money to an attorney and to the court to defend the false claim.

**ANSWER:** Defendants deny the allegations contained within Paragraph 18.

19.     Plaintiff has Article III standing for the further reason that Plaintiff suffered a concrete injury due to CP's actions as CP communicated false and defamatory credit information about the alleged debt to the Experian credit reporting agency, and thus published said information to said agency, which resulted in a lower credit score for Plaintiff than he would have had if CP has communicated accurate credit information.

**ANSWER:** Defendants deny the allegations contained within Paragraph 19.

## FACTS

20.     Plaintiff was alleged by CP, Steele and Aplington to incur various medical debts for non-elective health care.

**ANSWER:   Defendants admit that Plaintiff incurred an outstanding financial obligation previously owed to an original creditor. Defendants lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained within Paragraph 20.**

21.     The obligations were thereafter declared to be in default.

**ANSWER:   Defendants admit that Plaintiff incurred outstanding financial obligations previously owed to an original creditor, which subsequently went into default. Defendants deny the remaining allegations contained within Paragraph 21, if any.**

22.     Plaintiff thus incurred an alleged obligation ("alleged debt") as that term is understood under § 1692a (5).

**ANSWER:    The allegations in Paragraph 22 contain legal conclusions. Defendants thus deny on this basis.**

23.     The alleged debt was not incurred in connection with Plaintiff's employment, nor in connection with any business matter.

**ANSWER:   Defendants lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained within Paragraph 23.**

24.     The alleged debt stems from alleged assignments made from various creditors to CP, for medical care asserted by CP to have been rendered to Plaintiff.

**ANSWER:** Defendants admit that Plaintiff incurred outstanding financial obligations for certain treatment services that remain owed. Defendant, Collection Professionals, Inc., specifically admits that by assignment of rights and interests, Plaintiff's account(s) were transferred to them upon default from the original creditor. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained within Paragraph 24.

25.     CP alleges to have been assigned the alleged debt via the execution of two documents, each titled "Assignment of Claim for Collection".

**ANSWER:** Defendant, Collection Professionals, Inc., specifically admits that by execution of an assignment of rights and interests, Plaintiff's account(s) were transferred to them upon default from the original creditor. This Defendant admits that on January 27, 2022, between the original creditor and Collection Professionals, Inc., an "Assignment of Claim for Collection" was executed expressly concerning Plaintiff's account(s). Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained within Paragraph 25 and deny on this basis.

26.     Each "Assignment" listed Plaintiff as the "Debtor".

**ANSWER:** Defendants admit that the executed assignment of rights expressly identified Plaintiff, Joshua Bell as owing the outstanding sums on his account(s).

27.     On or around May 4, 2022, CP mailed a letter ("Letter") to the Plaintiff seeking to collect various debts from him. (Exhibit A, Letter).

**ANSWER:** Defendant, Collection Professionals, Inc., admits that it communicated with Plaintiff and mailed letters in an attempt to collect the defaulted financial obligations

owed by him. **Defendants state that their communications with Plaintiff relating to his account(s) speak for themselves and deny any allegations that misstate, misquote, or mischaracterize their contents. Accordingly, Defendant denies on these bases.**

28.     The Letter lists five different alleged debts, as follows:

| Creditor | Regarding | Principal | Interest | Amt Owed |
|---|---|---|---|---|
| HOSPITAL RADIOLOGY | JOSHUA | 214.00 | 47.55 | 261.55 |
| ST MARGARET'S HEALTH SPRI | JOSHUA BELL | 2132.77 | 346.79 | 2479.56 |
| ST MARGARET'S HEALTH SPRI | JOSHUA | 500.02 | 70.89 | 570.91 |
| IL VALLEY COMMUNITY HOSPI | BELL, JOSHUA K | 11585.00 | 787.11 | 12372.11 |
| IL VALLEY COMMUNITY HOSPI | BELL, JOSHUA K | 594.00 | 40.36 | 634.36 |
| | | 15025.79 | 1292.70 | 16318.49 |

**ANSWER:     Defendant, Collection Professionals, Inc., admits that it communicated with Plaintiff and mailed letters in an attempt to collect the defaulted financial obligations owed by him. Defendants state that their communications with Plaintiff relating to his account(s) speak for themselves and deny any allegations that misstate, misquote, or mischaracterize their contents. Accordingly, Defendant denies on these bases.**

29.     The Letter also reads in part as follows:

The creditor's highlighted above, has concurred with our recommendation that they file suit to enforce payment on the total amount due. We are in receipt of all documentation necessary for filing suit and it awaits attorney referral. We would still prefer that you pay in full, voluntarily, and save the extra costs associated with such actions, however, it is strictly up to you.

We sincerely hope you take advantage of this opportunity to contact our office with an acceptable payment offer. If you do not, your paperwork will be forwarded to an attorney at our earliest convenience. The balance provided on this notice may be different from the actual amount owed due to the accrual of interest.

10

**ANSWER:** Defendant, Collection Professionals, Inc., admits that it communicated with Plaintiff and mailed letters in an attempt to collect the defaulted financial obligations owed by him. Defendants state that their communications with Plaintiff relating to his account(s) speak for themselves and deny any allegations that misstate, misquote, or mischaracterize their contents. Accordingly, Defendant denies on these bases.

30. The Letter thus states that CP has recommended to various client creditors that they file suit to enforce payment on the total amount due.

**ANSWER:** Defendant, Collection Professionals, Inc., admits that it communicated with Plaintiff and mailed letters in an attempt to collect the defaulted financial obligations owed by him. Defendants state that their communications with Plaintiff relating to his account(s) speak for themselves and deny any allegations that misstate, misquote, or mischaracterize their contents. Accordingly, Defendant denies on these bases.

31. CP is not a law firm, however.

**ANSWER:** To the extent the statement in Paragraph 31 relates to the letter correspondence referenced in Paragraphs 27 through 30 of Plaintiff's complaint, Collection Professionals, Inc., admits that it communicated with Plaintiff and mailed letters in an attempt to collect the defaulted financial obligations owed by him. Defendants state that their communications with Plaintiff relating to his account(s) speak for themselves and deny any allegations that misstate, misquote, or mischaracterize their contents. Accordingly, Defendant denies on these bases.

32. CP's "recommendation" that they file suit thus constitutes the unauthorized practice of law.

**ANSWER:** **The allegations in Paragraph 32 contain legal conclusions. Defendants thus deny on this basis.**

33.     CP's Letter also contains false threats.

**ANSWER:** **Defendant denies the allegations contained within Paragraph 33.**

34.     Specifically, the Letter threatens to file suit to enforce payment "on the total amount due", which is a false threat as CP has failed to date to do so.

**ANSWER:** **Denied. Defendants state that their communications with Plaintiff relating to his account(s) speak for themselves and deny any allegations that misstate, misquote, or mischaracterize their contents.**

35.     Further, the Letter falsely implies that Plaintiff will be responsible for "extra costs associated with such actions", which falsely implies that "extra costs" *will* be awarded despite any defenses Plaintiff may have.

**ANSWER:** **Denied. Defendants deny that false statements or false implications were communicated to Plaintiff. Defendants state that their communications with Plaintiff relating to his account(s) speak for themselves and deny any allegations that misstate, misquote, or mischaracterize their contents.**

36.     In other words, the Letter communicates that judgment in favor of CP, and the award of costs against Plaintiff, is a foregone conclusion when in fact it is not, since Plaintiff could have prevailed in any future-filed case brought against him to collect the alleged debt, and thus costs would not be awarded or due from Plaintiff.

**ANSWER:** **Defendant denies the allegations contained within Paragraph 36.**

37.     The Letter also refers to an alleged debt of $261.55, that it states is owed to "Creditor" identified as "Hospital Radiology".

**ANSWER:     Defendants state that their communications with Plaintiff relating to his account(s) speak for themselves and deny any allegations that misstate, misquote, or mischaracterize their contents. Accordingly, Defendant denies on these bases.**

38.     The letter reads that the alleged debt is "Regarding" an individual named only as "Joshua".

**ANSWER:     Defendants state that their communications with Plaintiff relating to his account(s) speak for themselves and deny any allegations that misstate, misquote, or mischaracterize their contents. Accordingly, Defendant denies on these bases.**

39.     The statement that Plaintiff owes $261.55 to a "Creditor" named "Hospital Radiology" is false.

**ANSWER:     Defendants state that their communications with Plaintiff relating to his account(s) speak for themselves and deny any allegations that misstate, misquote, or mischaracterize their contents. Accordingly, Defendants deny on these bases. Furthermore, Defendants deny any allegations in this Paragraph that contain legal conclusions, and deny the remaining allegations contained within Paragraph 39, if any.**

40.     "Hospital Radiology" is not a creditor to which Plaintiff owes money.

**ANSWER:     Defendants state that their communications with Plaintiff relating to his account(s) speak for themselves and deny any allegations that misstate, misquote, or mischaracterize their contents. Collection Professionals, Inc., admits that it communicated with Plaintiff and mailed letters in an attempt to collect the defaulted financial obligations**

previously owed by him to the original creditor, St. Margaret's Health f/k/a Illinois Valley Community Hospital. **Defendants deny the remaining allegations contained within Paragraph 40, if any.**

41.     The Letter also states that the "balance provided on this notice may be different from the actual amount owed…".

**ANSWER:     Defendants state that their communications with Plaintiff relating to his account(s) speak for themselves and deny any allegations that misstate, misquote, or mischaracterize their contents. Accordingly, Defendant denies on these bases.**

42.     Based on the confusing and conflicting content of the Letter, Plaintiff could not ascertain the amount of money he owed, and thus he did not seek to resolve the alleged debt.

**ANSWER:     Denied. Defendants state that their communications with Plaintiff relating to his account(s) speak for themselves and deny any allegations that misstate, misquote, or mischaracterize their contents.**

43.     CP thereafter hired Steele and Aplington to collect the alleged debt from the Plaintiff, by filing an action in LaSalle County, Illinois.

**ANSWER:     Defendants admit that Aplington, Kaufman, Mcclintock, Steele & Barry, Ltd., serves as representation for Collection Professionals, Inc., relating to Plaintiff's outstanding financial obligation in the underlying state court action, captioned *Collection Professionals, Inc., v. Joshua K. Bell*, Case No. 2022LM111 and filed on September 26, 2022.**

44.     Specifically, on September 26, 2022, Steele and/or Aplington, on behalf of CP, filed a lawsuit against Plaintiff titled *Collection Professionals, Inc. v. Joshua K. Bell*,, Case No.

2022LM00011, in the Circuit Court of The Thirteenth Judicial Circuit, LaSalle County, Illinois ("State Action"), (Exhibit B, Complaint and Summons).

**ANSWER:** **Defendants admit that Aplington, Kaufman, Mcclintock, Steele & Barry, Ltd., serves as representation for Collection Professionals, Inc., relating to Plaintiff's outstanding financial obligation in the underlying state court action, captioned C*ollection Professionals, Inc., v. Joshua K. Bell*, Case No. 2022LM111 and filed on September 26, 2022.**

45.     The State Action complaint included two counts, based on two "Assignments", and sought to collect $15,161.79 from Plaintiff.

**ANSWER:** **Defendants admit that Aplington, Kaufman, Mcclintock, Steele & Barry, Ltd., serves as representation for Collection Professionals, Inc., relating to Plaintiff's outstanding financial obligation in the underlying state court action, captioned *Collection Professionals, Inc., v. Joshua K. Bell*, Case No. 2022LM111 and filed on September 26, 2022. Defendants admit that the state court complaint seeks the collection of the outstanding amounts totaling $12,179.00, $2,632.79, and reasonable attorneys' fees pursuant to the original creditor's assignment of the account(s) and service agreement entered into with Plaintiff, for treatment rendered. Defendants deny the remaining allegations contained within Paragraph 45, if any.**

46.     The Letter, however, states that $16,318.49 was the total amount due from Plaintiff, which conflicts with the information stated in the State Action complaint.

**ANSWER:** **Defendants state that their communications with Plaintiff relating to his account(s) speak for themselves and deny any allegations that misstate, misquote, or mischaracterize their contents. Accordingly, Defendant denies on these bases.**

47.     The first assignment purports to be from St. Margarets Health Peru to Collection Professionals, Inc., for an alleged debt in the amount of $12,179.00, (Exhibit B, Complaint and Summons).

**ANSWER:    Defendant, Collection Professionals, Inc., states that the assignments executed with the original creditor, St. Margaret's Health f/k/a Illinois Valley Community Hospital, relating to Plaintiff's account(s) speak for themselves and deny any allegations that misstate, misquote, or mischaracterize their contents. Defendants admit that as evidenced in the pending state court action, Collection Professionals, Inc., seeks the collection of the outstanding amounts totaling $12,179.00, $2,632.79, and reasonable attorneys' fees pursuant to assignment and agreement as a result of services rendered to Plaintiff. Defendants deny the remaining allegations contained within Paragraph 47, if any.**

48.     The "Debtor", listed on the assignment was Plaintiff "Joshua Bell".

**ANSWER:    Defendants admit that the executed assignment of rights expressly identified Plaintiff, Joshua Bell as owing the outstanding sums on his account(s).**

49.     Count I, based on the alleged debt referenced in the first assignment, states that $12,529.00 is due and owing from Plaintiff, "which includes $350.00 reasonable attorney fees".

**ANSWER:    Defendants admit that the claim assignments under review in the state court proceedings in part, identify an amount of $12,179.00 owed by Plaintiff.  However, Defendants maintain that the state court proceedings are currently ongoing. Defendants admit that on or around July 10, 2023 Collection Professionals, Inc., filed its amended complaint by approval of the court. Defendants complaint and corresponding exhibits consisting of executed claim assignments and service agreements providing for attorneys' fees, including agreement assented to by Plaintiff, speak for themselves. Accordingly,**

Defendants deny any allegations that misstate, misquote, or mischaracterize the contents of the relevant records, pleadings, or exhibits, and deny the remaining allegations contained within Paragraph 49, if any.

50.     There is no legal or factual basis for stating that $350 in "reasonable attorney fees" is due and owing.

**ANSWER:     Defendants deny the allegations contained within Paragraph 50.**

51.     No court has awarded CP attorney fees or determined that said amount of fees, that are stated to be "due and owing" are reasonable.

**ANSWER:     Defendants state that the state court proceedings are currently ongoing. Defendants state that the exhibits relating to Plaintiff's account(s) and outstanding amounts owed by him, including records relating to his assent to reasonable attorneys' fees speak for themselves. Accordingly, Defendants deny any allegations that misstate, misquote, or mischaracterize the contents of the governing agreements, records, pleadings, or exhibits under review in the state court matter. To the extent that the allegations in Paragraph 51 contain legal conclusions, Defendants also deny on this basis and deny the remaining allegations contained within this Paragraph, if any.**

52.     The statement that $350.00 in "reasonable attorney fees" is due and owing from Plaintiff is thus false.

**ANSWER:     The allegations in Paragraph 52 contain legal conclusions. Defendants thus deny on this basis.**

53.     Moreover, the amounts of $12,179.00 and $12,529.00 alleged in the complaint to be owed to "St. Margarets Health Peru" do not correspond to any of the debt amounts, or creditors, referenced in the Letter.

**ANSWER:** Defendants state that their communications with Plaintiff relating to his account(s) speak for themselves. Defendants state that the state court proceedings are currently ongoing. Exhibits relating to Plaintiff's account(s) and outstanding amounts owed by him, including records regarding the obligation also speak for themselves. Accordingly, Defendants deny any allegations that misstate, misquote, or mischaracterize their contents.

54.     Either the information in the Letter relating to the amounts sought and creditors owed is incorrect, or the information in the State Action complaint is incorrect; they cannot both be right and thus the information in either the Letter or complaint is false.

**ANSWER:** Defendants deny any allegations that misstate, misquote, or mischaracterize the contents of records and communications relating to Plaintiff's account and the obligations owed by him. To the extent that the allegations in Paragraph 54 contain legal conclusions, Defendants also deny on this basis and deny the remaining allegations contained within this Paragraph, if any.

55.     Paragraph 4 in Count I states as follows:

> 4. That there is a financial consent form signed, a photostatic copy of the form being herewith attached and incorporated herein as though fully set forth as "Exhibit B."

**ANSWER:** Defendants admit that the state court complaint refers to the financial agreement entered into by and between Plaintiff and the original creditor concerning services rendered and amounts owed. The state court proceedings are currently ongoing. Defendants deny any allegations that misstate, misquote, or mischaracterize the contents of the records relating to Plaintiff, and deny the remaining allegations contained within Paragraph 55, if any.

56.     "Exhibit B" however does not contain a "signed" photostatic copy, as the face of the document purports that the medical provider obtained "verbal consent", which Plaintiff also denies.

**ANSWER:     Defendants deny the allegations contained within Paragraph 56.**

57.     Defendants' reference to a "signed" financial consent from is false, and calculated to fool Plaintiff into believing that CP has the right to collect the amounts sought from him, including attorney foes that it falsely states are already "due and owing".

**ANSWER:     Defendants deny the allegations contained within Paragraph 57.**

58.     Paragraph 2 in Count I states as follows:

> 2.   That there is still due and owing to the Plaintiff the sum of TWELVE THOUSAND FIVE HUNDRED TWENTY-NINE and 00/100 Dollars ($12,529.00), which includes $350.00 reasonable attorney fees, for various dates of service, and that demand for payment of said sum has been duly made upon Defendant, JOSHUA K. BELL and said payment has been refused.

**ANSWER:     Defendants admit that the state court complaint refers in part to the outstanding financial obligation owed by Plaintiff. The state court proceedings are currently ongoing and involve certain amendments to the complaint responsive to and clarifying the amounts owed by Plaintiff pursuant to agreement. Accordingly, Defendants deny any allegations that misstate, misquote, or mischaracterize the contents of the records, pleadings, or exhibits, and deny the remaining allegations contained within Paragraph 58, if any.**

59.     Defendants' statement that CP or anyone on its behalf demanded "said sum" from Plaintiff, and that Plaintiff refused to pay it, is false and defamatory.

**ANSWER:     Defendants deny the allegations contained within Paragraph 59.**

60.    In truth and in fact, neither CP nor anyone on its behalf has asked Plaintiff to pay the amounts sought, and Plaintiff has accordingly not "refused" to do so.

**ANSWER:    Defendants deny the allegations contained within Paragraph 60.**

61.    Count II, based on the alleged debt referenced in the second purported assignment, states that $2,632.79 is due and owing from Plaintiff.

**ANSWER:    Defendants admit that the claim assignments in part identify an amount of $2,632.79 owed by Plaintiff. Defendants admit that the state amended complaint and corresponding exhibits consisting of the executed claim assignments and service agreements, including agreement assented to by Plaintiff, speak for themselves and deny any allegations that misstate, misquote, or mischaracterize the contents of the state filed records, pleadings, or exhibits. Defendants deny the remaining allegations contained within Paragraph 61, if any.**

62.    As with Count I, paragraph 2 in Count II states that "…demand for said sum has been duly made upon Defendant, JOSHUA K. BELL, and said payment has been refused".

**ANSWER:    Defendants admit that the state court complaint refers in part to the outstanding financial obligation owed by Plaintiff. The state court proceedings are currently ongoing and involve amendments to the complaint. Accordingly, Defendants deny any allegations that misstate, misquote, or mischaracterize the contents of the records, pleadings, and communications relating to Plaintiff or the amount owed, and deny the remaining allegations contained within Paragraph 62, if any.**

63.    Defendants' statement that CP or anyone on its behalf demanded "said sum" from Plaintiff, and that Plaintiff refused to pay it, is false and defamatory.

**ANSWER:    Defendants deny the allegations contained within Paragraph 63.**

64.    In truth and in fact, neither CP nor anyone on its behalf has asked Plaintiff to pay the amounts sought, and Plaintiff has accordingly not "refused" to do so.

**ANSWER:    Defendants deny the allegations contained within Paragraph 64.**

65.    Defendants have also created and utilized a form of summons that contains false, deceptive and misleading information, that constitutes an unfair and unconscionable method of collecting debts.

**ANSWER:    Defendants deny the allegations contained within Paragraph 65.**

66.    The Summons states in part as follows:



**ANSWER:    Defendants maintain that the state court pleadings including the court Summons speak for themselves and deny any allegations that misstate, misquote, or mischaracterize their contents. Accordingly, Defendants deny on these bases.**

67.    The Summons was not a form document approved by the Illinois Supreme Court, but rather was created by one or more of the Defendants.

**ANSWER:    Defendants state that the allegations contained within Paragraph 67 do not accurately characterize Defendants' conduct relating to Plaintiff's account(s) and/or the preparation of the at issue state court Summons.**

68.     The Summons thus states, in large capital and bold font, that Plaintiff "...is summoned and required to appear **IN PERSON**..." at the LaSalle County Courthouse.

**ANSWER:     Defendants maintain that the state court pleadings including the court Summons speak for themselves and deny any allegations that misstate, misquote, or mischaracterize their contents.**

69.     The statement is false, however, since Plaintiff was not legally required to appear "**IN PERSON**" at the LaSalle County Courthouse.

**ANSWER:     Defendants deny the allegations contained within Paragraph 69.**

70.     In truth and in fact, Plaintiff had the option to appear via video or phone for his hearing at the LaSalle County Courthouse.

**ANSWER:     Defendants maintain that the state court pleadings including the court Summons speak for themselves and deny any allegations that misstate, misquote, or mischaracterize their contents.**

71.     This option is established by information in the very same Summons which falsely states that Plaintiff is required to appear in person: though in a much smaller and barely readable font, the Summons goes on to read that "You may be able to attend this court date by phone or video conference, This is called a 'Remote Appearance', Call the Circuit Clerk at 815-434-8672...."

**ANSWER:     Defendants maintain that the state court pleadings including the court Summons speak for themselves and deny any allegations that misstate, misquote, or mischaracterize their contents. Accordingly, Defendant denies on these bases.**

72.     Both statements cannot be true. Either Plaintiff was required to appear in person, or not.

**ANSWER:    Defendants maintain that the state court pleadings including the court Summons speak for themselves and deny any allegations that misstate, misquote, or mischaracterize their contents.**

73.     The Summons thus communicates conflicting information on whether Plaintiff was required to appear in person at the LaSalle County Courthouse in order to appear and defend his case.

**ANSWER:    Defendants maintain that the state court pleadings including the court Summons speak for themselves and deny any allegations that misstate, misquote, or mischaracterize their contents. Accordingly, Defendant denies on these bases.**

74.     Plaintiff was confused by the conflicting statements.

**ANSWER:    Defendants deny the allegations contained within Paragraph 74.**

75.     As a result of his confusion as to whether he had to appear in person or not, Plaintiff placed a telephone call to the phone number listed on the Summons, that CP directed him to call: 815-434-8672.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained within Paragraph 75.**

76.     Plaintiff could not ascertain whether he had to appear in person, however, since the telephone number to which he was directed to call to be able to ascertain this information, which was 815-434-8672, was a non-working number.

23

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained within Paragraph 76.

77.     Defendants thus drafted a form summons which did not contain an accurate telephone number that consumers may call in order to obtain information about how to appear and defend their cases, leaving said consumers in the dark about their rights.

**ANSWER:     Defendants deny the allegations contained within Paragraph 77**.

78.     As a result of the false and confusing information contained on the Summons, Plaintiff was forced to drive to the LaSalle Count Courthouse on November 22, 2023 to appear "in-person" in the State Action.

**ANSWER:     Defendants deny that false and confusing information was communicated to Plaintiff concerning the state court proceedings in *Collection Professionals, Inc., v. Joshua K. Bell*, Case No. 2022LM111. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained within Paragraph 78.**

79.     Plaintiff expended time and money in order to appear in person, that he would not have expended had he known the truth, which was that he could have appeared remotely, and that the information on the Summons was false.

**ANSWER:     Defendants deny that false information was communicated to Plaintiff concerning the state court proceedings in *Collection Professionals, Inc., v. Joshua K. Bell*, Case No. 2022LM111. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained within Paragraph 79.**

80.     An unsophisticated consumer would be confused by the false and confusing information contained in the Summons, and would not know whether he or she was requited to appear in person in court due to the misinformation contained in the Summons.

**ANSWER:   Defendants deny that false, confusing, or misinformation was communicated to Plaintiff concerning the state court proceedings in *Collection Professionals, Inc., v. Joshua K. Bell*, Case No. 2022LM111. To the extent that the allegations in Paragraph 80 contain legal conclusions, Defendants also deny on this basis and deny the remaining allegations contained within this Paragraph, if any.**

81.     An unsophisticated consumer would be more likely to forego appearing in court altogether as a result of the added burden of having to drive to court to appear in his case, as a result of the confusing and false information in the Summons.

**ANSWER:   Defendants deny that false or confusing information was communicated to Plaintiff concerning the state court proceedings in *Collection Professionals, Inc., v. Joshua K. Bell*, Case No. 2022LM111. To the extent that the allegations in Paragraph 81 contain legal conclusions, Defendants also deny on this basis and deny the remaining allegations contained within this Paragraph, if any.**

82.     The content of the Summons is thus calculated to confuse and induce consumers to not appear in court, so that default orders and/or judgments may be entered against said consumers.

**ANSWER:   Defendants deny the allegations contained within Paragraph 82.**

83.     On November 22, 2022, Plaintiff appeared in-person in the State Action, at the courthouse located at 119 West Madison Street in Ottawa, Illinois.

**ANSWER:   Defendants admit that on November 22, 2022, a status hearing was held in the pending state court action. Upon information and belief, Defendants admit that**

**Plaintiff was present. Upon reasonable inquiry, Defendants lack knowledge and information sufficient to form a belief as to the remaining allegations in this Paragraph, if any.**

84.     At that time, before the hearing ensued, Plaintiff was directed to an agent or employee of Aplington and/or Steele, who identified himself as a "clerk" of Robert Steele, and a conversation ensued between Plaintiff and said agent or employee.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained within Paragraph 84.**

85.     During the course of said conversation, said agent or employee asked Plaintiff whether he admits to owing the alleged debt and whether he will agree to pay it.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained within Paragraph 85.**

86.     In response, Plaintiff requested an amount to settle the alleged debt, told said clerk that he was confused as to how much he owed and to whom, and said that he wanted to hire an attorney to defend him in the case.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained within Paragraph 86.**

87.     In response, said clerk forwarded the information obtained from Plaintiff to Steele, who drafted an order allowing Plaintiff time to obtain representation, which order was thereafter presented to the Court for entry, and filed.

**ANSWER:     Defendants admit that on November 22, 2022 an order was entered in the state court case extending twenty-eight days for Plaintiff (Defendant in *Collection Professionals, Inc., v. Joshua K. Bell*, Case No. 2022LM111) to file an appearance. Defendants**

lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained within Paragraph 87.

88.     The November 22, 2022 conversation between Plaintiff and Steele and/or Aplington was the "initial communication" from Aplington and/or Steele to Plaintiff in connection with the collection of the alleged debt.

**ANSWER:     Defendants deny the allegations contained within Paragraph 88.**

89.     The Fair Debt Collection Practices Act requires a debt collector to give a written notice to a consumer within five days of its initial communication with said consumer, that contains the name of the current creditor and the amount of the debt, and that gives the consumer notice of the right to dispute the debt, which if timely exercised requires the debt collector to cease collection (and litigation) of the alleged debt until it mails the consumer verification of the alleged debt. 15 U.S.C. § 1692g(a).

**ANSWER:     The allegations in this Paragraph purport to cite to the FDCPA and allege out-of-context, incomplete, mischaracterized, and improperly summarized conclusions. Defendants deny all remaining allegations contained within Paragraph 89, if any.**

90.     Section 1692g's notice requirement is triggered regardless of whether the initial communication was directed at the consumer or his attorney, *Speights-Carnegie v. Blackstone Condominium Ass'n*, No. 15 C 03781, 2018 U.S. Dist. LEXIS 51499, at *22 (N.D. Ill. Mar. 28, 2018).

**ANSWER:     The allegations in this Paragraph purport to cite to the FDCPA and/or case law, and allege out-of-context, incomplete, mischaracterized, and improperly**

summarized conclusions. **Defendants deny all remaining allegations contained within Paragraph 90, if any.**

91.     The Fair Debt Collection Practices Act thus requires a debt collector to give a written notice to a consumer within five days of its initial communication with said consumer, or his attorney, 15 U.S.C. § 1692g(a). That notice must include, among other things, a description of two mechanisms that the debtor can use to verify het debt. First, a consumer can notify the debt collector "in writing" that she disputes all or part of the debt, which obligates the debt collector to obtain verification of the debt and mail a copy to the debtor. Id.§ 1692g(a)(4). A failure to dispute the debt within 30 days means that the debt collector will assume that the debt is valid. *Id.*§ 1692g(a)(3).

**ANSWER:    The allegations in this Paragraph purport to cite to the FDCPA and allege out-of-context, incomplete, mischaracterized, and improperly summarized conclusions. Defendants deny all remaining allegations contained within Paragraph 91, if any.**

92.     A consumer can also make a "written request" that the debt collector provide her with the name and address of the original creditor, which the debt collector must do if a different creditor currently holds the debt. Id. § 1692g(a)(5).

**ANSWER:    The allegations in this Paragraph purport to cite to the FDCPA and allege out-of-context, incomplete, mischaracterized, and improperly summarized conclusions. Defendants deny all remaining allegations contained within Paragraph 92, if any.**

93.     A debt collector must cease collection of a debt, by litigation or otherwise, if a consumer disputes a debt in writing within 30 days of the date he receives a Notice of Debt, until or unless the collector mails verification of the debt to the consumer. § 1692g(b).

**ANSWER:   The allegations in this Paragraph purport to cite to the FDCPA and allege out-of-context, incomplete, mischaracterized, and improperly summarized conclusions. Defendants deny all remaining allegations contained within Paragraph 93, if any.**

94.     The initial communication with Plaintiff regarding the alleged debt occurred on November 22, 2022.

**ANSWER:   Defendants deny the allegations contained within Paragraph 94.**

95.     Steele and/or Aplington was required to mail Plaintiff's counsel a Notice of Debt within five days of November 22, 2022.

**ANSWER:   Defendants deny the allegations contained within Paragraph 95.**

96.     Defendants Steele and Aplington failed to provide Plaintiff with required information regarding his alleged debt within five days of their initial communication with Plaintiff—a "Notice of Debt" under section 1692g of the FDCPA—which would have informed Plaintiff of the amount of debt sought and the name of the alleged creditors to which she owed money, as well as his right to dispute the alleged deb and cause litigation to stop until verification was mailed to Plaintiff, by Aplington and/or Steele.

**ANSWER:   Defendants state that the allegations contained within this Paragraph do not accurately characterize Defendants' conduct relating to Plaintiff's account(s) and the amounts owed. Defendants deny all remaining allegations contained within Paragraph 96, if any.**

97.    Plaintiff experienced a concrete injury as a result of the Notice of Debt not being provided to him by Steele and/or Aplington, as Plaintiff would have exercised his right to request the identity of the original creditors and dispute the alleged debt in writing within 30 days of his receipt of a Notice of Debt by Steele and/or Aplington, which would have halted the State Action collection suit, or prevented it from proceeding altogether.

**ANSWER:    Defendants deny that Plaintiff experienced any injury or damages as alleged in the instant complaint. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained within Paragraph 97.**

98.    Defendants' failure to provide Plaintiff a Notice of Debt thus impaired his ability to use the information, that was required to be contained therein, for a substantive purpose that the statute envisioned.

**ANSWER:    Defendants deny that they violated the FDCPA or any other state and federal laws. Defendants also deny that Plaintiff sustained any injury or damages as alleged in the instant complaint. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained within Paragraph 98.**

99.    Defendants' failure to provide information negatively affected Plaintiff's handling of his debts as he is to this date uncertain of the amounts which Defendants are seeking to collect from him, the identity of the alleged creditors who assigned the alleged debt, and the basis for and origin of the alleged debts.

**ANSWER:    Defendants deny the allegations contained within Paragraph 99 of the Complaint.**

100.    An unsophisticated consumer would be unable to ascertain the origin and amount of his debts, and he would have his legal right to obtain verification of the alleged debt and/or stripped, as a result of Steele and/or Aplington's failure to provide a Notice of Debt within five days of the initial communication with him, regarding an alleged debt.

**ANSWER:    Defendants deny the allegations contained within Paragraph 100 of the Complaint. Furthermore, to the extent that the allegations in this Paragraph contain legal conclusions, Defendants also deny on this basis.**

101.    Aplington and/or Steele failed to provide Plaintiff with a timely Notice of Debt as required by section 1692g.

**ANSWER:    Defendants deny the allegations contained within Paragraph 101 of the Complaint.**

102.    Plaintiff would have timely disputed the alleged debt in writing had he been given notice of his rights to do so, by Aplington and/or Steele.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained within Paragraph 102, and deny the remaining allegations in this Paragraph of the Complaint.**

103.    Defendants Aplington and Steel violated 15 U.S.C. § 1692g, and said violation caused Plaintiff a concrete injury as described above.

**ANSWER:    Defendants Aplington and Steele deny the allegations contained within Paragraph 103 of the Complaint.**

104.    Plaintiff thereafter hired. and paid an attorney to defend him in the State Action, as he was uncertain of the identity of the creditor to which he was alleged to owe money by CP, as well as the amounts that were sought.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained within Paragraph 104. Accordingly, Defendants deny on this basis.**

105.    Plaintiff also was forced to hire and pay an attorney to defend him in the State Action for the reason that Defendants' actions and inactions gutted his ability to dispute the alleged debt in writing and cause CP to cease litigation until the alleged debt was verified, specifically due to Aplington and CP's failure to provide him with a Notice of Debt.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained within Paragraph 105. Accordingly, Defendants deny on this basis, and deny all remaining allegations in this Paragraph.**

106.    On January 11, 2023, Plaintiff's counsel sent an email to Steele and Aplington, that stated as follows:

From: mario.kasalo kasalolaw.com
Sent: Wednesday, January 11, 2023 12:40 PM
To: Robert Steele <robert.steele@akmsb.com>
Subject: Collection Professionals v. Bell/2022LM111

Mr. Steele:

Attached please find a copy of the efiled and accepted appearance filed in the above-referenced case. As you are aware, we will be filing a response and/or will otherwise plead in response to the allegations within 21 days, which allegations defendant denies.

Please forward the order. Thank you.

Mario Kris Kasalo
The Law Office of M. Kris Kasalo, Ltd.
4950 Madison St., P.O. Box 1425
Skokie, IL 60077
tele 312-726-6160
fax 312-698-5054
email mario.kasalo@kasalolaw.com

**ANSWER:** Defendants Aplington and Steele admit that the email correspondence referenced in this Paragraph appears to be a January 11, 2023 communication from counsel for Plaintiff. Defendants state that communications with Plaintiff and/or Plaintiff's counsel speak for themselves and deny any allegations that misstate, misquote, or mischaracterize their contents.

107.    Steele, on behalf of the other Defendants, received the email on January 11, 2023.

**ANSWER:** Defendants Aplington and Steele admit that the email correspondence referenced in Paragraph 106-107 of the complaint appears to be a January 11, 2023 communication from counsel for Plaintiff. Defendants state that their communications with Plaintiff and/or Plaintiff's counsel speak for themselves and deny any allegations that misstate, misquote, or mischaracterize their contents.

108.    The January 11, 2023 email to Steele communicated a dispute of the alleged debt to Defendant CP, as Plaintiff's counsel informed Steele that Plaintiff denies the allegations of the complaint that alleges that Plaintiff owes money to CP.

**ANSWER:    Defendants Aplington and Steele admit that the email correspondence referenced in Paragraph 106-108 of the complaint appears to be a January 11, 2023 communication from counsel for Plaintiff. Defendants state that their communications with Plaintiff and/or Plaintiff's counsel speak for themselves and deny any allegations that misstate, misquote, or mischaracterize their contents. To the extent that the allegations in Paragraph 108 contain legal conclusions, Defendants also deny on this basis, and deny the remaining allegations contained within this Paragraph, if any.**

109.    A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt, *Evans v. Portfolio Recovery Associates, LLC*, 889 F,3d 337 (7th Cir. 2018).

**ANSWER:    The allegations in this Paragraph purport to cite to case law and allege out-of-context, incomplete, mischaracterized, and improperly summarized legal conclusions. Defendants deny all remaining allegations contained within Paragraph 109, if any.**

110.    The FDCPA proscribes "(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, <u>including the failure to communicate that a disputed debt is disputed.</u>" *Paz v. Portfolio Recovery Assocs., LLC*, 2016 U.S. Dist. LEXIS 160779, *8 (N.D. Ill. November 21, 2016) (emphasis added).

**ANSWER:    The allegations in this Paragraph purport to cite to case law and allege out-of-context, incomplete, mischaracterized, and improperly summarized legal conclusions. Defendants deny all remaining allegations contained within Paragraph 109, if any.**

111. CP communicated credit information to the Experian credit reporting agencies on a monthly basis after it began collecting the alleged debt.

**ANSWER: This Defendant admits that it furnished information to the credit reporting bureaus concerning Plaintiff's defaulted account. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained within Paragraph 111.**

112. However, CP failed to communicate, over the last year, that Plaintiff's alleged debt was disputed when it communicated other credit information to the Experian credit reporting agency, even though Plaintiff repeatedly disputed the alleged debt to Defendants on multiple occasions before CP communicated credit information to Experian without also communicating that the alleged det was disputed.

**ANSWER: Defendants object to the form of this allegation as it is based upon a faulty premise. Subject to ruling on said objection, this Defendant admits that it furnished information to the credit reporting bureaus concerning Plaintiff's defaulted account. Defendant states that the allegations contained within this Paragraph do not accurately characterize Defendant's conduct relating to Plaintiff's account(s). Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained within Paragraph 112.**

113. CP failed to communicate a dispute of the alleged debt to the Experian credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to the credit reporting agency.

**ANSWER:** Defendants object to the form of this allegation as it is based upon a faulty premise. Subject to ruling on said objection, this Defendant states that the allegations contained within this Paragraph do not accurately characterize Defendant's conduct relating to Plaintiff's account(s), and denies that it violated the FDCPA or any other laws. To the extent that the allegations in Paragraph 113 contain legal conclusions, Defendants also deny on this basis, and deny the remaining allegations contained within this Paragraph, if any.

114. Specifically, CP communicated credit information regarding the alleged debt to Experian in January, February, March and April of 2023, without also communicating that the alleged debt was disputed.

**ANSWER:** This Defendant admits that it furnished information to the credit reporting bureaus concerning Plaintiff's defaulted account. Defendant states that the allegations contained within this Paragraph do not accurately characterize Defendant's conduct relating to Plaintiff's account(s). Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained within Paragraph 114.

115. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F, 3d 142, 146-47 (4th Cir. 2008).

**ANSWER:** The allegations in this Paragraph purport to cite to case law and allege out-of-context, incomplete, mischaracterized, and improperly summarized legal conclusions. Defendants deny all remaining allegations contained within Paragraph 115, if any.

116.    CP's collection efforts, including the damage to Plaintiff's credit score and credit profile, caused Plaintiff a lower credit score, a decreased ability to obtain credit, as well as lost credit opportunities.

**ANSWER:    Defendants deny that Plaintiff sustained injury and damages as alleged in the instant complaint. Furthermore, Defendants deny that they violated the FDCPA or any other laws. Defendants deny the remaining allegations contained within Paragraph 116, if any.**

## COUNT I—INDIVIDUAL COUNT—FDCPA

117.    Plaintiff incorporates the foregoing paragraphs as if set out fully herein.

**ANSWER:    Defendants incorporate their responses and denials to the preceding paragraphs 1-117 as though fully set forth herein.**

118.    15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of—**

**(A)    the character, amount, or legal status of any debt; or...**

**(B)    any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**

**. . .(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.**

**. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**

37

> . . . **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

**ANSWER:** The allegations in this Paragraph purport to cite to the FDCPA and allege out-of-context, incomplete, mischaracterized, and improperly summarized legal conclusions. Defendants deny all remaining allegations contained within Paragraph 118.

119.    CP falsely threatened to file suit on the "total" amount due in the Letter, and falsely threatened that "extra costs associated with such actions" will be awarded, and CP implied and/or misrepresented that it was a law firm by "recommending" that its clients file suit, when in fact it was not authorized to do so as it cannot give legal advice as a collection agency, in violation of 15 U.S.C. §§ 1692e(2), 1692e(3), 1692e(5) and 1692e(10).

**ANSWER:**    This Defendant denies the allegations contained within Paragraph 119.

120.    CP misrepresented the amount of money Plaintiff owed and to whom, and thus misrepresented the status, character and amount of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

**ANSWER:**    This Defendant denies the allegations contained within Paragraph 120.

121.    CP misrepresented that attorney fees were due and owing from Plaintiff, and thus misrepresented the status, character and amount of the alleged debt, in violation of 15 U.S.C. § 1692e, 1692e(2), and 1692e(10).

**ANSWER:**    This Defendant denies the allegations contained within Paragraph 121.

122.    Defendants' reference to a "signed" financial consent form is false, misleading and deceptive, as Plaintiff never signed a financial consent form, in violation of 15 U.S.C. § 1692e, 1692e(2), and 1692e(10).

**ANSWER:**    Defendants deny the allegations contained within Paragraph 122.

123.    Defendants' statement that CP or anyone on its behalf demanded "said sum" from Plaintiff is false and defamatory, in violation of 15 U.S.C. § 1692e, 1692e(2), and 1692e(10).

**ANSWER:    Defendants deny the allegations contained within Paragraph 123.**

124.    Section 1692f of the FDCPA provides as follows:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

**ANSWER:    The allegations in this Paragraph purport to cite to the FDCPA and allege out-of-context, incomplete, mischaracterized, and improperly summarized legal conclusions. Defendants deny all remaining allegations contained within Paragraph 124.**

125.    Defendants CP, Steele and Aplington sought to collect money from Plaintiff that was neither authorized by law nor by any agreement that created the alleged debt.

**ANSWER:    Defendants deny the allegations contained within Paragraph 125.**

126.    Specifically, CP, Steele and Aplington did not have the legal right to collect the alleged debt sought via the allegations contained in the State Action complaint.

**ANSWER:    Defendants deny the allegations contained within Paragraph 126.**

127.    Defendants violated sections 1692e and 1692f of the FDCPA thereby.

**ANSWER:    Defendants deny the allegations contained within Paragraph 127.**

128.    CP, through Steele and Aplington, claimed in the State Action complaint that attorney fees were already due and owing, though no court has awarded said fees to CP.

**ANSWER:** Defendants state that the state court proceedings are currently ongoing, including recent amendments to the complaint pursuant to court approval, regarding the outstanding amounts owed and records relating to Plaintiff's assent to reasonable attorneys' fees. Furthermore, to the extent that the allegations in Paragraph 128 contain legal conclusions, Defendants deny on this basis, and deny the remaining allegations contained within this Paragraph, if any.

129. No judgment has been entered in CP's collection action in state court.

**ANSWER:** Defendant admits that the state court proceedings are currently ongoing.

130. No court has ever ordered Plaintiff to pay the attorney's fees that his alleged creditor alleged to have incurred in the course of collecting her alleged outstanding debt.

**ANSWER:** Defendants state that the state court proceedings are currently ongoing, including recent amendments to the complaint pursuant to court approval, regarding the outstanding amounts owed, and records relating to Plaintiff's assent to reasonable attorneys' fees. Furthermore, to the extent that the allegations in Paragraph 130 contain legal conclusions, Defendants deny on this basis, and deny the remaining allegations contained within this Paragraph, if any.

131. It would have been inaccurate, then, to tell him that the debt he owed already included $350 in attorney fees—that were already owed.

**ANSWER:** To the extent that the allegations in Paragraph 131 contain legal conclusions, Defendants deny on this basis, and deny the remaining allegations contained within this Paragraph, if any.

132.     By telling him that his balance already included attorney fees, and that CP has previously demanded payment of the same, CP represented to Plaintiff that he was obligated to repay both the alleged debt and CP's attorney fees.

**ANSWER:     This Defendant states that the allegations contained within Paragraph 132 do not accurately characterize its conduct relating to Plaintiff's account(s) and/or representations communicated to him. Accordingly, Defendant denies on this basis.**

133.     Plaintiff was not legally required to pay the $350 stated as being owed in attorney fees, and as a reasonable, unsophisticated consumer, there is no reason she would have known as much when CP indicated otherwise.

**ANSWER:     The allegations in this Paragraph contain legal conclusions. This Defendant denies the allegations contained within Paragraph 133.**

134.     CP, through Steele and Aplington, thus misrepresented that an amount was already due and owing that was not due and owing, not authorized by the agreement creating the alleged debt, nor allowed by law, in violation of sections 1692e and 1692f of the FDCPA.

**ANSWER:     Defendants deny the allegations contained within Paragraph 134.**

135.     The State Action complaint reads that defendant is indebted to plaintiff in various amounts, which includes attorney fees of $350.

**ANSWER:     Defendants admit that the state action is ongoing. Defendants admit that Collection Professionals, Inc's amended complaint also seeks reasonable attorneys' fees pursuant to agreement between Plaintiff and the original creditor. Defendants deny the remaining allegations contained within Paragraph 135.**

136.    The complaint goes on to read that CP has demanded payment of said $350 sum, and that Plaintiff refused to pay the same.

**ANSWER:    Defendants deny that the allegations contained within Paragraph 136 accurately characterize the contents and nature of the ongoing state court collection action.**

137.    The statement that CP had previously demanded payment of the amounts claimed, which include $350 in attorney fees, is false.

**ANSWER:    This Defendant denies the allegations contained within Paragraph 137.**

138.    Assuming arguendo that it were true, any attempt by CP to collect $350 in attorney fees before the complaint were filed and before such fees were awarded to CP by the court would have violated the FDCPA, sections 1692e and 1692f.

**ANSWER:    This Defendant denies the allegations contained within Paragraph 138.**

139.    Plaintiff was fooled into believing that he already owed attorney fees to CP at the time the State Action complaint and summons were filed, as a result of CP's statements in the complaint.

**ANSWER:    This Defendant denies the allegations contained within Paragraph 139.**

140.    An unsophisticated consumer would be fooled into believing that he already owed attorney fees and court costs to CP, as a result of CP's statement in the complaint.

**ANSWER:    This Defendant denies the allegations contained within Paragraph 140.**

141.    Plaintiff would have sought to resolve the alleged debt to buy peace, had Defendants communicated accurate information regarding the alleged creditors to which he was alleged to owe money, and had they not already added attorney fees, among other false amounts, and stated that said amounts were already owed.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained within Paragraph 141 and deny the remaining allegations, if any.

142.    15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.
>
> **Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

**ANSWER:** The allegations in this Paragraph purport to cite to the FDCPA and allege out-of-context, incomplete, mischaracterized, and improperly summarized legal conclusions. Defendants deny all remaining allegations contained within Paragraph 142.

143.    The FDCPA thus proscribes "(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." *Paz v. Portfolio Recovery Assocs., LLC*, 2016 U.S. Dist. LEXIS 160779, *8 (N.D. Ill. November 21, 2016) (emphasis added).

**ANSWER:** The allegations in this Paragraph purport to cite to the FDCPA and/or case law, and allege out-of-context, incomplete, mischaracterized, and improperly summarized legal conclusions. Defendants deny all remaining allegations contained within Paragraph 143.

144.    CP communicated credit information regarding the alleged debt to the Experian credit reporting agency on a monthly basis within the last year.

**ANSWER:   This Defendant admits that it furnished information to the credit reporting bureaus concerning Plaintiff's defaulted account. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained within Paragraph 144.**

145.    However, CP failed to communicate, each time it communicated credit information to Experian after Plaintiff disputed the alleged debt on January 11, 2023, that Plaintiff's alleged debt was disputed.

**ANSWER:   Defendants object to the form of this allegation as it is based upon a faulty premise. Subject to ruling on said objection, this Defendant admits that it furnished information to the credit reporting bureaus concerning Plaintiff's defaulted account. Defendant states that the allegations contained within this Paragraph do not accurately characterize Defendant's conduct relating to Plaintiff's account(s). Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained within Paragraph 145.**

146.    CP failed to communicate a dispute of the alleged debt to the Equifax consumer reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to Experian.

**ANSWER:   This Defendant denies the allegations contained within Paragraph 146 of the Complaint.**

147.     Plaintiff was harmed by Defendants' actions taken in connection with the collection of the alleged debt, as he suffered physical manifestations of emotional distress, lost time and money, and suffered a lower credit score and diminished credit opportunities as a result.

**ANSWER:     Defendants deny the allegations contained within Paragraph 147 of the Complaint.**

148.     Plaintiff would not have had to pay an appearance fee and/or hire and pay an attorney had CP mailed him a Notice of Debt, and had Defendants told the truth about the amount he owed and the entities to which he owed said amount, including the allegedly "past due" status of attorney fees and costs.

**ANSWER:     Defendants deny the allegations contained within Paragraph 148 of the Complaint. Defendants lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained within this Paragraph.**

149.     Plaintiff suffered loss of sleep as a result of Defendants' illegal collection attempts of the alleged debt.

**ANSWER:     Defendants deny the allegations contained within Paragraph 149 of the Complaint.**

150.     Plaintiff also lost time and money due to Defendants' illegal collection attempts.

**ANSWER:     Defendants deny the allegations contained within Paragraph 150 of the Complaint.**

151.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER:** The allegations in this Paragraph contain legal conclusions. Defendants deny the allegations contained within Paragraph 151 of the Complaint.

152. CP bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including Aplington and Steele, and is liable for the actions taken to collect a debt on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 323 (7th Cir. 2016).

**ANSWER:** The allegations in this Paragraph contain legal conclusions. Defendants deny the allegations contained within Paragraph 152 of the Complaint.

<u>COUNT II—CLASS COUNT—</u>
<u>ALL DEFENDANTS—SPURIOUS SUMMONS</u>

153. Plaintiff incorporates the foregoing paragraphs as if set out fully herein.

**ANSWER:** Defendants incorporate their responses and denials to the preceding paragraphs 1-153 as though fully set forth herein.

154. Defendants violated 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692d by serving Plaintiff with the form of summons contained in Exhibit B, as said summons misrepresented that Plaintiff was required to appear "IN PERSON" in the State Action in capital, large and bold font, yet communicated a conflicting yet barely readable option in a much smaller font that Plaintiff could appear remotely, and contained false information regarding how Plaintiff could contact the court to appear for a remote hearing.

**ANSWER:** Defendants deny the allegations contained within Paragraph 154 of the Complaint.

155. The proposed class meets all requirements under 735 ILCS 5/2-801 and Fed. R. Civ. P. 23(a) and (b)(3).

**ANSWER:** Defendants admit that Plaintiff seeks to represent a putative class but deny that a class can be certified, deny that such relief is proper, and deny any remaining allegations contained within Paragraph 155 of the Complaint.

156. The Summons within Exhibit B is a form document.

**ANSWER:** Defendants object to the form of this allegation as the term "form document" is subject to multiple and varied definitions and interpretations. Subject to ruling on said objection, to the extent the statement contained within Paragraph 156 requires an answer, Defendants deny the allegations contained within this Paragraph.

157. The Summons within Exhibit B is based on a template.

**ANSWER:** To the extent the statement contained within Paragraph 157 requires an answer, Defendants deny the allegations contained within this Paragraph.

158. The Class consists of (a) all persons in LaSalle County, Illinois, (b) on whom Steele and/or Aplington, on behalf of CP, served a summons in the form of that contained in Exhibit B, (c) where the summons was served between the time period starting one year prior to the filing of this action, and ending on the date of the filing of this action.

**ANSWER:** Defendants deny the allegations contained within Paragraph 158.

159. Plaintiff may alter the parameters of the classes to conform to discovery.

**ANSWER:** Defendants deny the allegations contained within Paragraph 159.

160. On information and belief, based on the fact that debts are assigned to collection agencies in groups of debts of similar type and vintage and not individually, the classes are so numerous that joinder of all members is impracticable.

**ANSWER:** Defendants deny the allegations contained within Paragraph 160.

161.    There are questions of law and fact common to the classes, which questions predominate over any questions affecting only individual class members. The predominant common questions include whether Defendants have a practice of collecting debts using the form document contained in Exhibit B.

**ANSWER:    Defendants deny the allegations contained within Paragraph 161.**

162.    Plaintiff's claims are typical of the claims of the class members, All are based on the same legal and factual theories.

**ANSWER:    Defendants deny the allegations contained within Paragraph 162.**

163.    Plaintiff will fairly and adequately represent the members of the classes.

**ANSWER:    Defendants deny the allegations contained within Paragraph 163.**

164.    Plaintiff has retained counsel experienced in the prosecution of consumer credit and debt collection claims and class actions.

**ANSWER:    Defendants admit that Plaintiff seeks to represent a putative class but deny that a class can be certified, deny that such relief is proper, and deny any remaining allegations contained within Paragraph 164 of the Complaint.**

165.    Plaintiff has hired counsel that has been approved as counsel in previous FDCPA class actions that have been certified.

**ANSWER:    Defendants admit that Plaintiff seeks to represent a putative class but deny that a class can be certified, deny that such relief is proper, and deny any remaining allegations contained within Paragraph 165 of the Complaint.**

166.    The Class consists of more than 40 persons from whom Defendants attempted to collect defaulted consumer debts by using the form of summons contained in Exhibit B.

**ANSWER:    Defendants deny the allegations contained within Paragraph 166.**

167. A class action is superior for the fair and efficient prosecution of this litigation. Class-wide liability is essential to cause Defendants to stop the improper conduct. Many class members may be unaware that they have been victims of illegal conduct. Congress contemplated class actions as a means of enforcing the FDCPA.

**ANSWER:** **Defendants deny the allegations contained within Paragraph 167.**

### COUNT III—CLASS COUNT—ALL DEFENDANTS— FAILURE TO PROVIDE NOTICE OF DEBT

168. Plaintiff incorporates the foregoing paragraphs as if set out fully herein.

**ANSWER:** **Defendants incorporate their responses and denials to the preceding paragraphs 1-167 as though fully set forth herein.**

169. Defendants violated 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692d and 1692g by failing to mail Plaintiff a Notice of Debt within five days of the initial communication with Plaintiff, which was a communication made outside of the LaSalle County courtroom by an individual that identified himself as Steele's clerk.

**ANSWER:** **Defendants deny the allegations contained within Paragraph 169.**

170. The proposed class meets all requirements under 735 ILCS 5/2-801 and Fed. R. Civ. P. 23(a) and (b)(3).

**ANSWER:** **Defendants deny the allegations contained within Paragraph.**

171. Defendants' failure to provide a Notice of Debt was made as to each member of the Class defined herein.

**ANSWER:** **Defendants deny the allegations contained within Paragraph 171.**

172. The Class consists of (a) all persons in LaSalle County, Illinois, (b) against which a lawsuit was filed by Steele and/or Aplington, on behalf of CP (c) where the initial communication with Steele and/or Aplington was with Steele and/or Aplington or an employee and/or agent of

Steele and/or Aplington at the LaSalle County courthouse prior to or after a hearing was held in their case (d) that were not sent a Notice of Debt by Steele and/or Aplington within five days of said hearing (e) during the time period that begins one year prior to the filing of this action, and ends on the date of the filing of this action.

> **ANSWER:** **Defendants deny the allegations contained within Paragraph 172.**

173. Plaintiff may alter the parameters of the classes to conform to discovery.

> **ANSWER:** **Defendants deny the allegations contained within Paragraph 173.**

174. On information and belief, based on the fact that debts are assigned to collection agencies in groups of debts of similar type and vintage and not individually, the classes are so numerous that joinder of all members is impracticable.

> **ANSWER:** **Defendants deny the allegations contained within Paragraph 174.**

175. There are questions of law and fact common to the classes, which questions predominate over any questions affecting only individual class members. The predominant common questions include whether Defendants have a practice of collecting debts without mailing a Notice of Debt within five days of the initial communication with a consumer regarding an alleged debt.

> **ANSWER:** **Defendants deny the allegations contained within Paragraph 175.**

176. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual theories.

> **ANSWER:** **Defendants deny the allegations contained within Paragraph 176.**

177. Plaintiff will fairly and adequately represent the members of the classes.

> **ANSWER:** **Defendants deny the allegations contained within Paragraph 177.**

178.    Plaintiff has retained counsel experienced in the prosecution of consumer credit and debt collection claims and class actions.

**ANSWER:    Defendants admit that Plaintiff seeks to represent a putative class but deny that a class can be certified, deny that such relief is proper, and deny any remaining allegations contained within Paragraph 178 of the Complaint.**

179.    Plaintiff has hired counsel that has been approved as counsel in previous FDCPA class actions that have been certified.

**ANSWER:    Defendants admit that Plaintiff seeks to represent a putative class but deny that a class can be certified, deny that such relief is proper, and deny any remaining allegations contained within Paragraph 179 of the Complaint.**

180.    The Class consists of more than 40 persons from whom Defendants attempted to collect defaulted consumer debts and engaged in an initial communication in connection with the collection of said debt or alleged debt, yet failed or refused to thereafter mail a Notice of Debt within five days of said communication.

**ANSWER:    Defendants deny the allegations contained within Paragraph 180.**

181.    A class action is superior for the fair and efficient prosecution of this litigation. Class-wide liability is essential to cause Defendants to stop the improper conduct. Many class members may be unaware that they have been victims of illegal conduct. Congress contemplated class actions as a means of enforcing the FDCPA.

**ANSWER:    Defendants deny the allegations contained within Paragraph 181.**

## AFFIRMATIVE DEFENSES

Defendants, COLLECTION PROFESSIONALS, INC., ROBERT B. STEELE, and APLINGTON, KAUFMAN, MCCLINTOCK, STEELE & BARRY, LTD., by and through their undersigned attorneys, and for their affirmative defenses, state as follows:

### FIRST AFFIRMATIVE DEFENSE – Bona Fide Error

Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., if applicable, which Defendants deny, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. § 1692k(c). These procedures and protocols are reasonably adapted to avoid a violation of the Fair Debt Collection Practices Act, such as those alleged in the instant case.

### SECOND AFFIRMATIVE DEFENSE – Consent

Plaintiff at all times gave his consent, express or implied, to the acts and conduct by Defendants relating to the collection of outstanding sums owed by him.

### THIRD AFFIRMATIVE DEFENSE – Failure To Mitigate

Plaintiff has failed to mitigate any damages which Plaintiff may be, or may appear to be, entitled to.

### FOURTH AFFIRMATIVE DEFENSE – Failure To State A Claim

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE – Waiver and Estoppel

The claims are barred by the doctrines of waiver and estoppel. Defendants deny that Plaintiff has suffered any damages as a result of any actions of Defendants, and deny that they are liable to Plaintiff for any such damages.

## SIXTH AFFIRMATIVE DEFENSE – Setoff

Setoff: Plaintiff owes amounts now due to Defendant, Collection Professionals, Inc., and any recovery must be offset by the amounts owed by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE – Third Party Responsibility

The claims as alleged in the Complaint are due to the negligence, fault, breach, and/or conduct of other parties over whom Defendants have no control and for which Defendants bear no responsibility or liability.

## RESERVATION OF RIGHTS

Defendant reserves all other available affirmative defenses and any other defenses at law or in equity that may now or in the future be available based on discovery or other factual investigations concerning this case.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

*/s/Ruddy Abam*
Justin M. Penn
Ruddy S. Abam
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Tel: 312-704-3000
E-mail:  jpenn@hinshawlaw.com
Email: RAbam@hinshawlaw.com

## CERTIFICATE OF SERVICE

I, Ruddy S. Abam, an attorney, certify that I shall cause to be served a copy of **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** upon the following individual(s), by deposit in the U.S. mail box at 151 North Franklin Street, Chicago, Illinois 60606, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, on **June 14, 2023** to all counsel of record.

| | |
|---|---|
| _X_ CM/ECF | *Attorneys for Plaintiff(s)* |
| ___ Facsimile | Mario Kris Kasalo |
| ___ Federal Express | The Law Office of M. Kris Kasalo, Ltd. |
| ___ E-Mail & U.S. Mail | 4950 Madison St. P.O. Box 1425 |
| ___ Messenger | Skokie, IL 60077 |
| | Tel: 312-726-6160 |
| | Fax: 312-698-5054 |
| | Email: Mario.Kasalo@kasalolaw.com |

*/s/ Ruddy Abam*
Ruddy Abam